ISAAC C. HARNED

v.

ANNA H. A. HARNED.

[Submitted May 28th, 1907. Decided June 22d, 1907.]

In a bill for annulment of marriage because of a prior-existing marriage of defendant, it is not necessary to allege that at the time of complainant's marriage she was ignorant of the prior marriage.

On demurrer.

The bill is filed by complainant to procure a decree declaring his marriage with defendant null because of her prior marriage. Defendant demurs on the ground that the bill fails to aver as a fact that at the time of the marriage now sought to be annulled complainant was in ignorance of the fact that defendant had a husband then living.

*Mr. Henry W. Kehoe,* for the complainant.

*Mr. Adrian Lyon,* for the demurrant.

LEAMING, V. C.

The single question raised by this demurrer is whether it is necessary for a complainant to aver, in a bill for nullity of marriage on the ground of a pre-existing marriage contract of defendant, that complainant at the time of the marriage was without knowledge of the existence of the prior marriage contract.

In *Rooney* v. *Rooney, 54 N. J. Eq. (9 Dick.) 231,* it is held that such knowledge of the prior marriage will operate as an equitable bar to relief. It does not follow, however, that the absence of such knowledge is a necessary averment of the bill. If complainant can be denied the statutory relief upon the equitable ground that he entered into the present marriage contract with knowledge of the existing marriage contract of defendant, such bar manifestly arises as a matter of equitable defence and in no sense through the failure of complainant to meet the statutory requirements. The averments of the present bill fully cover the elements prescribed by the statute as essential to entitle complainant to the relief sought and also the facts essential to the jurisdiction of the court over the cause and parties. Further than this the pleader is not required to go. In such a bill it is clearly unnecessary to negative such equitable defence as may exist. In a bill for divorce based on desertion the willingness to receive back need not be averred. *Gray* v. *Gray, 15 Ala. 779. Tefft* v. *Tefft, 35 Ind. 45,* cannot be regarded as an authority against the views here expressed. In that case the decree of annulment was sought through the general equity powers of the court in the absence of any statute making a prior marriage

ground for relief. The jurisdiction of the court was exercised through its powers to relieve against fraud and accordingly a count in the petition which failed to disclose the fraud was overruled, while a second count which averred fraudulent concealment of the prior marriage was sustained. In the present case the allegations of the bill fully cover the requirements of the statute and the demurrer must be overruled, with costs.